# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| vs. | § |
| | § |
| VANESSA FERNANDE SILLABI, | §   Case No. 4:21-cr-350 S (04) |
| | § |
| Defendant. | § |

## SENTENCE DATA SHEET

**DEFENDANT:** Vanessa Fernande Sillabi

**CRIMINAL NO:** 4:21-cr-350 S (04)

**DEFENDANT'S IMMIGRATION STATUS:** Citizen of Cameroon (Asylee in U.S.)

**PLEA AGREEMENT:** Pursuant to Rule 11(c)(1)(A) and (B), the Defendant agrees to plead guilty to Count 1 of the Superseding Indictment. Further, the Defendant waives her right to appeal and collaterally attack her conviction. The Government will, at the time of sentencing, not oppose the Defendant's request for acceptance of responsibility and if applicable, will move for the third acceptance of responsibility point under U.S.S.G. 3E1.1(a) and (b). In addition, if the Defendant persists in her guilty plea, the Government will move to dismiss any remaining counts of the Superseding Indictment at the time of sentencing.

**COUNT One:** Conspiracy to Engage in Sex Trafficking by Means of Force, Fraud and Coercion, 18 U.S.C. § 1594(c) and 1591(a)(1) & (b)(1).

| | |
|---|---|
| **ELEMENTS:** | **Conspiracy to Engage in Sex Trafficking by Means of Force, Fraud or Coercion – 18 U.S.C. §§ 1594 and 1591(a)(1) & (b)(1).** |

To prove conspiracy to engage in sex trafficking by means of force, fraud or coercion in violation of 18 U.S.C. § 1594 (c) and 1591 (a)(1) & (b)(1), the United States must prove the following elements:

Conspiracy:

(1)  That the defendant and at least one other person made an agreement to commit the crime of sex trafficking by means of force, fraud or coercion as charged in the superseding indictment.

(2)  That the defendant knew the purpose of the agreement and joined in it with the intent to further the illegal purpose.

Sex Trafficking by Means of Force, Fraud or Coercion:

(1) The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited, by any means a person;

(2) In and affecting interstate and foreign commerce;

(3) Knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means would be used to cause the person to engage in one or more commercial sex acts.

| | |
|---|---|
| **PENALTY:** | Any terms of years up to life imprisonment; fine of NMT $250,000. |
| **SUPERVISED RELEASE** | At least five years and up to life (18 U.S.C. 3583(k)); if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of |

supervised release prior to such violation.

**SENTENCING GUIDELINES:** Advisory

**SPECIAL ASSESSMENT:** $100 special assessment; additional $5,000 special assessment under the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014.